NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN HARNISH, JUSTIN SCHLUTH, ROBERT KLEIN, ROBERT MACFADYEN, GREGORY EDMOND, AYLA O'BRIEN KRAVITZ, MEGAN SHAFRANSKI, CHRISTINA MARINAKIS, on behalf of themselves and all others similarly situated, Plaintiffs, v. WIDENER UNIVERSITY SCHOOL OF LAW, Defendant. | OPINION<br><br>Civ. No. 12-608 (WHW) |

**Walls, Senior District Judge**

Defendant currently has two motions pending before the Court: a Motion to Dismiss for failure to state a claim and a Motion to Strike Plaintiffs' Amended Complaint. The Court denies Defendant's Motion to Strike Plaintiff's Amended Complaint. The Motion to Dismiss is moot because it dealt with the original Complaint.

### FACTUAL AND PROCEDURAL BACKGROUND

This case involves allegedly fraudulent marketing materials reported to prospective law students by Widener University School of Law (Widener). Plaintiffs allege that Widener's published employment statistics are misleading. They allege that the published percentage of employed graduates falsely implies that they have obtained permanent legal employment.

Defendant moved to dismiss for failure to state a claim on April 3, 2012 under Fed. R. Civ. P. 12(b)(6). Mot. to Dismiss, ECF No. 6. Rather than opposing the Motion to Dismiss, the

1

**NOT FOR PUBLICATION**

Plaintiffs filed an Amended Complaint on April 27, 2012. Am. Compl., ECF No. 8. Defendant filed a Motion to Strike the Amended Complaint on May 11, 2012. Mot. to Strike, ECF No. 9.

Defendant contends that Plaintiffs' Amended Complaint was untimely filed because they did not meet the 21 day deadline under Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs' Amended Complaint was filed 24 days after Defendant's Motion to Dismiss was filed. Defendant argues that the Amended Complaint cannot be filed as of right. Widener then contends that if the Court treats the Amended Complaint as a motion to amend, it should deny the motion as futile.

Plaintiffs assert that their Amended Complaint was timely because under Fed. R. Civ. P. 6(d) a party had three additional days if service of the triggering document is electronic. Here, the triggering document, the Motion to Dismiss, was served electronically using ECF. Mot. to Dismiss, ECF No. 6-7. Plaintiffs also argue that even if their amendment was untimely, the Court should treat it as a motion to amend and grant them leave to amend.

## STANDARD OF REVIEW

Under Rule 15(a)(1)(B) a party may amend its pleading once as a matter of course within "21 days after service of a motion under Rule 12(b) …." Fed. R. Civ. P. 6(d) states "[w]hen a party may or must act within a specified time after service is made under Rule 5(b)(2) … (E) …, 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 5(b)(2)(E) allows for service by "sending [a paper] by electronic means if the person consented in writing …."

A Court has discretion to strike or allow an amended complaint that is filed after the deadline to make an amendment as a matter of course under Rule 15(a)(1) has passed. See Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993); see also Diehl v. U.S. Steel/Edgar Thomson Works, Civ. No. 09-948, 2010 U.S. Dist. LEXIS 4618, at *15 (W.D.Pa.

**NOT FOR PUBLICATION**

Jan. 21, 2010) (declining to strike an Amended Complaint filed two days after the expiration of the three day period under Fed. R. Civ. P. 6(e)). Under Fed. R. Civ. P. 12(f) a "court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." Tonka Corp. v. Rose Art Industries, Inc., 836 F. Supp. 200, 217 (D.N.J. 1993) (citation omitted).

## DISCUSSION

Under the clear language of the federal rules, Plaintiffs' Amended Complaint was timely filed. Under Rule 15(a)(1)(B) a party has twenty-one days after service of a motion under Rule 12(b) to amend its pleading "as a matter of course."  Rule 6(d) clearly extends this time for three days where the 12(b) motion was served electronically.

Because the language of the Rules is plain, the Court need not consider the policy arguments, advanced by Defendant, to disregard the dictates of Rule 6(d). Defendant has cited no case supporting the proposition that Rule 6(d) does not apply to Rule 15(a)(1)(B). This Court finds no case denying that Rule 6(d) applies to amended complaints filed after service of a 12(b) motion. See, e.g., Alliance Solutions, Inc. v. Quest Software, Inc., Civ. No. 11-2115, 2012 U.S. Dist. LEXIS 27358, at *23-24 (D.Md. March 1, 2012) ("pursuant to F. R. Civ. P. 15(a)(1) and 6(d), Alliance was entitled to file an amended complaint as of right within 24 days …."); Solis v. Time Warner Cable San Antonio, L.P., Civ. No. 10-0231, 2010 U.S. Dist. LEXIS 69876, at *2 n.2 (W.D. Tex. July 13, 2010) ("The amended complaint was timely in accordance with Rule 15(a)(1)(B) … and Rule 6(d) ….").

**NOT FOR PUBLICATION**

In this case, Defendant's 12(b) motion was filed on April 3, 2012, and served on Plaintiffs' counsel through the ECF electronic filing system. ECF 6-7 (certificate of service). Under Rule 15(a)(1) the 21 day window for amendment of pleadings as of right begins upon "service of a motion under Rule 12(b) …." Twenty-one days after the Defendant's 12(b)(6) motion was filed, excluding the date of service, was April 24, 2012. Because service of the motion starts the clock and because the motion was served electronically, Rule 6(d) added an additional three days. The date on which Plaintiffs' right to file an amended complaint as a matter of course expired was Friday, April 27, 2012. Plaintiffs' Amended Complaint filed on that date was timely and needed no court approval.

Rule 15(a)(1)(B) makes clear that "an amended complaint is a permissible response to a Rule 12(b) motion." Alliance Solutions, Inc., 2012 U.S. Dist. LEXIS 27358, at *27. The Advisory Committee Notes to the 2009 Amendments to Rule 15(a) state that "[a] responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raises seriatim." Responsive amendments that attempt to fix the deficiencies identified in a 12(b) motion are by no means improperly motivated, as Defendant seems to imply.

The Court, using its broad discretion, declines to order payment of Plaintiffs' costs and fees. Plaintiffs seek costs and fees on the basis that Fed. R. Civ. P. 6(d) is so clear that Defendant's Motion to Strike is baseless, but neither side has found a New Jersey case on point. The issue is not so well settled that Defendant should be responsible for Plaintiffs' fees or costs to respond to the Motion to Strike.

Defendant's Motion to Dismiss is denied as moot because it dealt with the original Complaint. "An amended complaint supercedes the original version in providing the blueprint

4

**NOT FOR PUBLICATION**

for the future course of a lawsuit." Snyder v. Pascack Valley Hospital, 202 F.3d 271, 276 (3d Cir. 2002). Any Motion to Dismiss must be based on the Amended Complaint, and Plaintiffs will be given the opportunity to brief their opposition before it can be addressed.

## CONCLUSION

The Court finds that Plaintiffs' Amended Complaint was filed as of right under Fed. R. Civ. P. 15(a)(1)(B) and 6(d); as such, the Court denies Defendant's Motion to Strike. The Court denies Plaintiffs' request for legal fees and costs. Defendant's Motion to Dismiss is denied without prejudice as moot as it deals with the original Complaint.

/s William H. Walls
United States Senior District Judge