NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| JOHN HARNISH, JUSTIN SCHLUTH, ROBERT KLEIN, ROBERT MACFADYEN, GREGORY EDMOND, AYLA O'BRIEN KRAVITZ, MEGAN SHAFRANSKI, CHRISTINA MARINAKIS, on behalf of themselves and all others similarly situated, : : : : : : : : : : Plaintiffs, : v. : : WIDENER UNIVERSITY SCHOOL OF : LAW, and DOES 1-10. : : Defendants. | OPINION<br><br>Civ. No. 12-CV-00608 (WHW) |

---

**Walls, Senior District Judge**

      Defendant Widener University School of Law ("Widener") moves for reconsideration of this Court's March 20, 2013 Opinion and Order denying Defendant's motion to dismiss Plaintiffs' Amended Complaint. In the alternative, Widener asks for certification of this Court's Order for interlocutory appeal, and to stay the proceedings. Plaintiffs oppose. The Court will rule on the papers without oral argument under Federal Rule of Civil Procedure 78. Having considered the parties' written submissions, the Court denies the motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

      The facts of this case have been fully set forth in the Court's previous Opinion. ECF No. 33. In brief, between 2005 and 2011, Widener's website updated its page "Employment Statistics and Trends" with potentially misleading employment statistics. For example, in 2005 the website stated: "Graduates of the Class of 2004 had a 90% employment rate within nine

months of graduation." Widener failed to disclose that this employment rate included non-legal employment, and that its legal-related employment rate was in fact much lower. Widener also disseminated these employment statistics to third party law school evaluators.

On April 27, 2012, Plaintiffs filed an Amended Complaint alleging a punitive class action against Widener under the New Jersey Consumer Fraud Act, N.J.S.A.§56:8-1 *et. seq.* ("NJCFA") and the Delaware Consumer Fraud Act, 6 Del. Code §§ 2511-27 ("DCFA") arising from alleged misrepresentations and/or omissions in Widener's marketing materials regarding its graduation employment information.

On July 17, 2012, Widener filed a motion to dismiss the Amended Complaint, alleging "(1) Plaintiffs cannot satisfy the intent requirement of their Delaware CFA and New Jersey CFA claims as a matter of law, and (2) Plaintiffs' consumer fraud claims are against public policy." Mot. to Dismiss 4; ECF No. 23. On March 20, 2013, this Court issued an Opinion and Order denying Widener's motion to dismiss, concluding Plaintiffs allege a plausible claim under the NJCFA and the DCFA. ECF Nos. 33 & 34. On March 29, 2013, Widener filed this motion for reconsideration and request for interlocutory appeal and a stay of the proceedings. ECF No. 35.

**STANDARD OF REVIEW**

A. Motion for Reconsideration

Local Civil Rule 7.1(i) allows a party to seek a motion for reconsideration within 14 days after entry of the judgment, and directs the party seeking reconsideration to submit "a brief setting forth the matter or controlling decisions which the party believes the Judge . . . has overlooked." A motion for reconsideration must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available

previously; or (3) the need to correct a clear error of law or prevent manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

Reconsideration motions may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (quoting *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)).

Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly" and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 608-09 (D.N.J. 2003); *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).

B. <u>Certification of Interlocutory Appeal</u>

Before an order is certified for appeal, the district court must determine that the following conditions are met: (1) The order involves a controlling question of law (2) as to which there is a substantial ground for a difference of opinion and (3) the final resolution of the appeal must have the potential to materially advance the determination of the litigation. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 753 (3d Cir. 1974); 28 U.S.C. § 1292(b).

Certification is not mandatory even if the three criteria are met; rather, certification is wholly discretionary. *See Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976). A controlling question of law includes one which "if erroneous, would be reversible error on final appeal." *Id.*

at 755. It is not necessary, however, that a reversal of the order would terminate the litigation. As the *Katz* court explained, "controlling" means "serious to the conduct of the litigation, either practically or legally . . . . And on the practical level, saving of time of the district court and of expense to the litigants was deemed by the sponsors [of the statute] to be a highly relevant factor." *Katz*, 496 F.2d at 753. (citation omitted). It is not sufficient for the movant merely to disagree with an adverse ruling of the district court. *See Electric Mobility Corp. v. Bourns Sensors/Controls, Inc.*, 87 F. Supp. 2d 394, 398 (D.N.J. 2000); *Kapossy v. McGraw–Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996); *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 282 (E.D.Pa.1983).

## DISCUSSION

A.  <u>Motion for Reconsideration</u>

To constitute an action under the NJCFA an action must allege sufficient facts to demonstrate (1) unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the unlawful conduct and the ascertainable loss. *Int'l Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co.*, 929 A.2d 1076 (N.J. 2007). Widener now argues Plaintiffs' claims do not constitute a violation under the NJCFA and the DCFA because the ascertainable loss is not calculable.[1] Mot. for Reconsid. 1. Widener seeks reconsideration alleging "the need to correct a clear error of law or fact or to prevent manifest injustice." Mot. for Reconsid. 3.

The merits of Defendant's claims have already been addressed by this Court's Opinion. In their Reply Brief, Widener alleged "that an ascertainable loss analysis only involves

---

[1] Given the similarities between the two laws, like this Court in its Opinion, Widener relied upon New Jersey law to support their opposition to the Delaware Consumer Fraud Act claims. Op. 8, 20; Mot. for Reconsid. 4 n.1. This Court will continue to do so in the present motion.

[Plaintiffs'] claim of paying an inflated tuition price is meritless under applicable case law." Rep. Br. 10-11; ECF No. 26 There, as they do in the motion for reconsideration pending before this Court, Widener relied upon *Arcand v. Brother International Corp.*, 673 F. Supp. 2d 282, 201 (D.N.J. 2009), to claim Plaintiffs' loss is not calculable. Mot. for Reconsid. 7. In its Reply Brief Widener argued "[i]n evaluating whether a plaintiff has suffered an ascertainable loss, the Court need not countenance 'hypothetical or illusory' losses or the wholly subjective experiences of a consumer.' *Arcand*, at 301." Rather, Widener contended "'[t]he value Plaintiffs have assigned to their purchase cannot be characterized as an objective expectation without more specificity. *Id.* at 301-302.'" Rep. Br 11.

This Court considered that argument, but found *Arcand* inapplicable, because it was a wholly different scenario where the marketing materials at issue accurately described the product. *Arcand*, 673 F. Supp. at 301. In *Arcand* the District Court reasoned "the loss must be within the objective expectations of the consumer based on the representations made." *Id.* In contrast with that case, this Court expressly found the representations made may not have been within the consumer's objective expectations because Widener's marketing materials were potentially misleading. Op. 8.

This Court relied upon two New Jersey superior court cases, *Miller v. American Family Publishers*, 284 N.J. Super. 67, 88 (Ch. Div. 1995) and *Talalai v. Cooper Tire & Rubber Co.*, 360 N.J. Super. 547 (Law Div. 2001), which reflect New Jersey's broad standard for ascertainable loss when "for their money, [Plaintiffs] received something less than, and different from, what they reasonably expected in view of defendant's presentations." Op. 10 (quoting *Miller*, 284 N.J. Super. at 88). This Court concluded that at this motion to dismiss stage Plaintiffs had pled an ascertainable loss. Op. 10.

...

**NOT FOR PUBLICATION**

Widener cannot relitigate this case through a motion for reconsideration and "must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (quoting *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)). Widener's motion for reconsideration is denied.

      B.  Request for Certification of Interlocutory Appeal

"[T]o merit a Section 1292(b) certification, the movant must show that there is (1) a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1984).

A controlling question of law is a question of law that would lead to a reversal on final appeal if decided erroneously. *Id.* at 755. The present action concerns a controlling question of law. Under the NJCFA, an action must allege sufficient facts to demonstrate an ascertainable loss. *Int'l Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co.*, 929 A.2d 1076 (N.J. 2007).

Nevertheless, Widener fails to demonstrate a substantial ground for difference of opinion. Widener argues that there is a "substantial ground for difference of opinion since this Court relied exclusively upon two reported opinions which did not address the pertinent issue – measurability of the alleged loss." Mot. for Reconsid. 14. Substantial ground for difference of opinion "must arise out of genuine doubt as to the correct legal standard." *In re Norvergence, Inc.*, BKR 04-320-79(RG), 2008 WL 5136706, at *2 (D.N.J. Dec. 5, 2008) (quoting *P. Schoenfeld Asset Mgmt LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 360 (D.N.J. 2001)).

**NOT FOR PUBLICATION**

Widener alleges that by relying "exclusively upon *Miller* and *Talalai*, this Court overlooked controlling law which precludes a finding of ascertainable loss in the absence of some modicum of measurability or quantity. *Perkins v. DaimlerChrysler Corp.*, 383 N.J. Super. 99, 106 (App. Div. 2006) and *Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 248 (2005)." Mot. for Reconsid. 13-14.

Widener's reliance on *Perkins* and *Thiedemann* does not raise a conflict as to the legal standard. *Thiedemann* relates to a summary judgment motion and is inapposite. *Thiedemann*, 183 N.J. at 248. And in *Perkins*, Plaintiffs alleged defects in a car part that had not yet manifested itself. *Perkins*, 383 N.J. Super. at 106-7. There, the Court could not identify a loss because Plaintiffs never suffered a loss. *Id.* at 108. Here, Plaintiffs allege the loss occurred when they purchased a Widener education under false pretenses for a price higher than they would have if they had known Widener's more accurate employment rate. Again, as this Court noted in its Opinion, under NJCFA, a loss is ascertainable if "[f]or their money, they received something less than, and different from, what they reasonably expected in view of defendant's presentations." *Miller*, 284 N.J. Super. at 88; Op. 18. Defendant cannot, for the first time, raise cases with entirely different facts and allege a conflict with the legal standard. Defendant's disagreement with this Court's Opinion "is not a substantial ground for difference of opinion for Section 1292(b) purposes." *Kapossy,* 942 F. Supp. at 1001; *Hulmes v. Honda Motor Co., Ltd.*, 936 F. Supp. 195, 208 (D.N.J. 1996), *aff'd,* 141 F.3d 1154 (3d Cir.1998).

Moreover, Widener fails to establish an immediate appeal will materially advance the ultimate termination of this litigation. An interlocutory appeal materially advances litigation if it "(1) eliminate[s] the need for trial, (2) eliminate[s] complex issues so as to simplify the trial, or (3) eliminate[s] issues to make discovery easier and less costly." *Orson, Inc. v. Miramax Film*

**NOT FOR PUBLICATION**

*Corp.,* 867 F.Supp. 319, 322 (E.D.Pa.1994). Widener argues that because "certification of the Order and potential reversal by the Third Circuit Court of Appeals on the issue of ascertainable loss will result in dismissal of Plaintiffs' remaining claims." Mot. for Reconsid. 14 Plaintiffs agree this is "potentially true." Nevertheless, this Court finds compelling Plaintiffs' argument that they are entitled to further discovery. Opp. Mot. for Reconsid. 13. Here, Widener alleges the ascertainable loss in this case is not calculable.  But additional discovery may uncover the factors Widener's used to set tuition prices, which may aid in calculating Plaintiffs loss. Widener has not established that calculating the loss is impossible, and denying Plaintiffs the opportunity for additional discovery at this stage would unduly prejudice Plaintiffs.  Plaintiffs have shown that "[f]or their money, they received something less than, and different from, what they reasonably expected in view of defendant's presentations." *Miller*, 284 N.J. Super. at 88.  They are entitled to further discovery on this point.

      Defendant's request for certification of interlocutory appeal is denied.

      C.      <u>Request for stay</u>

Defendant's request for stay is now moot.

## CONCLUSION

Defendant's motion is DENIED.


April 30, 2013

                                                            **/s/ William H. Walls**
                                                           United States Senior District Judge