**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN HARNISH, et al., on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br>             v.<br><br>WIDENER UNIVERSITY SCHOOL OF LAW, and DOES 1-20,<br><br>                              Defendants. | OPINION<br><br>Civ. No. 12-00608 (WHW) (CLW) |

**Walls, Senior District Judge**

Plaintiffs move for reconsideration of this Court's order of July 1, 2015, ECF No. 101, denying class certification in this consumer fraud action against Defendant Widener University School of Law ("Widener"). Without oral argument under Federal Rule of Civil Procedure 78(b), Plaintiffs' motion is denied.

## LEGAL STANDARD

Local Civil Rule 7.1(i) allows a party to move for reconsideration within 14 days after the entry of an order, and directs the moving party to submit "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). The Third Circuit has held that the "purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

Reconsideration motions may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment. *See* Charles A.

**NOT FOR PUBLICATION**

Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2810.1. Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

## DISCUSSION

In its opinion denying class certification, this Court did not overlook any settled law. Nor did the Court overlook its earlier opinions, as Plaintiffs claim. Pls.' Mem. 5-8, ECF No. 104-1. The Court has consistently recognized Plaintiffs' theory that they paid an "inflated" tuition due to Widener's misrepresentations about its employment rates. *See* Op. on Mot. Dismiss 18, ECF No. 33; Op. on Mot. Recons. 7, ECF No. 43; Op. on Mot. Certif. 11-12, ECF No. 101. On Plaintiffs' motion for class certification, the Court was required to decide whether Plaintiffs' proposed class satisfied Federal Rule of Civil Procedure 23, and concluded that it did not. The Court's opinion did not disregard Plaintiffs' theory that all proposed class members paid a falsely inflated tuition price. Rather, the Court concluded that individual questions predominate over common questions regarding the loss that each proposed class member sustained by paying Widener's allegedly inflated tuition. Op. on Mot. Certif. at 12. Even if all proposed class members paid "inflated" tuition—by paying a premium for overstated job placement rates—the fact remains that some proposed class members got what they paid for. *Id.* They obtained the full-time legal jobs for which they paid tuition, whether it was inflated or not. Their loss, if any, was different from that of students who paid the allegedly inflated tuition and did not obtain full-time legal employment. Individual questions predominate as to class members' ascertainable losses, and Rule 23(b)(3) is unmet.

**NOT FOR PUBLICATION**

Plaintiffs' other arguments for reconsideration are also meritless. Plaintiffs' proposed method of proving all class members' ascertainable losses by common expert analysis has been rejected by the New Jersey Supreme Court. *Int'l Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 391-93 (2007). And this Court did not overlook the alleged facts regarding Widener's post-2011 data collection practices or misrepresentations. There has been no intervening change in the law, and no new evidence not previously available has emerged. Plaintiffs did not present anything in the motion for reconsideration that they did not present before—nothing is being said now that was not said then. As a result, this motion for reconsideration is denied. *See North River Ins. Co.*, 52 F.3d at 1218; *Max's Seafood Cafe*, 176 F.3d at 677; *Buffa v. N.J. State Dep't of Judiciary*, 56 Fed. App'x 571, 575 (3d Cir. 2003); *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003).

## CONCLUSION

Plaintiffs' motion for reconsideration is denied. An appropriate order follows.

Date: August 4, 2015

Hon. William H. Walls
United States Senior District Judge