**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**CATHY L. WALDOR**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 4040
NEWARK, NJ 07101
973-776-7862

## REPORT & RECOMMENDATION

Re:   **Harnish, et al. v. Widener University School of Law, et al.**
      **Civil Action No. 2:12-cv-00608-SDW-CLW**

This matter comes before the Court on Plaintiff Gregory Emond's failure to abide by the Court's Order directing Emond to show cause as to why this matter should not be dismissed with prejudice for failure to prosecute. (ECF No. 167). For the reasons set forth below, the Court recommends that this matter be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

This matter was originally brought as a putative class action against Defendant Widener University School of Law. On February 2, 2018, the Court granted Stone & Magnanini's motion to withdraw as Plaintiffs' counsel. (ECF No. 160). As indicated in the Court's Order, the individually named Plaintiffs communicated to the Court, either on the record or through electronically filed letters, that they did not wish to retain new counsel and proceed with this case. (*Id.*).

On December 14, 2018, the Court issued an Order directing the parties "to submit a signed stipulation of dismissal, in order to close this matter." (ECF No. 161). Plaintiffs John Harnish, Robert Klein, Christina Marinakis, and Ayla O'Brien Kravitz submitted Stipulations of Dismissal. (ECF Nos. 163, 164, 165, and 170). The Court entered an order administratively terminating this action as to Plaintiff Justin Schluth. (ECF No. 171).

Gregory Emond is the sole remaining *pro se* Plaintiff in this matter. Emond stated on the record on December 19, 2017, that he wishes to dismiss his individual case. However, Emond failed to sign a Stipulation of Dismissal in compliance with the Court's Order.

On July 29, 2019, the Court issued an Order to Show Cause directing Emond to appear and show cause on August 27, 2019, as to why this matter should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 167). The Court directed counsel for Defendant to serve the Order upon Emond at his last known address. Defendant certified that Emond was served with the Order to Show Cause and a proposed Stipulation of Dismissal via electronic mail and certified mail at his last known address. (ECF No. 168). Emond failed to appear for the August 27, 2019 show cause hearing.

**Discussion**

"A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Iseley v. Bitner*, 216 Fed.Appx. 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L.Ed. 2d 734 (1962)). Normally, courts look to the six factors articulated in *Poulis v. State Farm Fire & Cas. Co.*, 747 F. 2d 863, 868 (3d Cir. 1990) to determine if dismissal of a case is an appropriate remedy. "Where, however, a plaintiff refuses to proceed with a case or otherwise makes adjudication impossible, a balancing of the *Poulis* factors is not necessary." *Abulkhair v. New Century Fin. Servs., Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012) (citations omitted).

On December 19, 2017, Emond indicated to the Court on the record that he wished to dismiss his individual case. Since that date, Emond has failed to comply with Court orders to effectuate his desire to dismiss this action. On December 14, 2018, the Court ordered Emond to sign a Stipulation of Dismissal, and he did not do so. The Court's subsequent Order to Show Cause warned that this matter would be "dismissed with prejudice" if Emond failed to appear for the August 27, 2019 show cause hearing. Emond did not appear for the hearing or contact the Court in any manner.

"[I]n contrast to situations in which a court must balance factors because the plaintiff does not desire to abandon her case but has encountered problems in going forward," Plaintiff here has "willfully refused to prosecute [his]…claims[.]" *Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994). It is apparent that Emond has abandoned this action, and in fact stated to the Court that he no longer wishes to pursue his claims. Therefore, the Court may use its discretion to dismiss this action as to Plaintiff Gregory Emond. *Id.*

**Conclusion**

For the foregoing reasons, the Court recommends that this action be dismissed with prejudice as to Plaintiff Gregory Emond. Pursuant to Local Rule 72.1(c)(2), parties shall have 14 days from the date this report is filed with the Clerk of Court to file and serve objections to this Report and Recommendation.

**SO ORDERED**

*s/Cathy L. Waldor*

**Dated:    September 5, 2019**          **CATHY L. WALDOR**
                                          **United States Magistrate Judge**